## Mrs. E. F. Dutton *v.* J. W. Wetmore and Fin Adams, Appellants.

*Sale—Way-going crop—Landlord and tenant—Estoppel.*

A vendee of a field of growing wheat is not obliged to take manual possession in order to maintain his title thereto; nor is such vendee estopped in an action of trespass against a tenant who claims a half interest in said wheat under a peculiar lease, made subsequently to the sale to her, which gives the tenant a half interest in the way-going crop, nor as against a third party who claims ownership in the vendor's alleged half interest under a constable's sale, there being evidence that both defendants knew of plaintiff's claim before the harvesting of the wheat.

The case is properly for the jury on the question whether the plaintiff, after notice, stood silent pending the making of the lease with full knowledge of its terms, and permitted the constable's sale to take place without notice of her claim.

Argued May 17, 1899.    Appeal, No. 211, March T., 1899, by defendants, from judgment of C. P. Erie Co., Feb. T., 1898, No. 167, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.    Opinion by BEAVER, J.

Trespass.    Before WALLING, P. J.

It appears from the evidence that this was an action of trespass, brought by plaintiff against J. W. Wetmore and Fin Adams to recover damages for the alleged trespass of defendants in harvesting and selling a certain field of wheat.    There was evidence tending to show that one Branchard was the owner of a farm in the fall of 1896; that plaintiff bought a field of wheat, sown on this farm, in November, 1896; that on the 7th of November, five days after this alleged sale of the wheat to Mrs. Dutton, Branchard leased this farm to one of the defendants, Fin Adams, for a term extending from November 7, 1896, to April 1, 1898.    This lease was drawn by Mr. Dutton, the husband of the plaintiff, and provided that Adams was to have as his share one half of all the farm produced from November 7, 1896, to April 1, 1898.    There was also evidence tending to show that defendant Wetmore, at a constable's sale, purchased any interest that Branchard might have—a half interest—in the wheat, and directed the harvesting and sale of same by Adams and received one half the proceeds.    There was also evidence tending to show that both Wetmore and Adams had notice of Mrs. Dutton's claim before the wheat was harvested.

Certain points among others were submitted by defendants, which points and answers are as follows :

[2. If Mrs. Dutton bought the wheat in the ground on Branchard's farm from him before the lease to Fin Adams was made, and Branchard afterwards leased the farm to Fin Adams, Mrs. Dutton being present and knowing of the transaction, and having opportunity to speak and making no claim to the wheat as her property, and Adams having no notice of her claims, she is estopped from subsequently asserting her ownership as

against Adams. *Answer:* The point is affirmed as to one half of the crop belonging to Adams under the lease as explained in the general charge.] [3]

[10. Under the evidence in this case **J. W.** Wetmore should be discharged from liability in this action. *Answer:* That point is refused.] [4]

[11. Under the evidence Fin Adams, one of the defendants, is not liable, and verdict should be for him. *Answer:* That point is refused.] [5]

The court charged the jury, inter alia, as follows:

[I instruct you as matter of law that if Mrs. Dutton knew of this lease, when it was made and was there present, if she knew that this peculiar provision was in the lease (that Mr. Adams was to have as his share one half of all the farm produces) if you find from the evidence that she knew that this clause was in the lease by which Mr. Adams was to have one half of all the products of the farm from the date of the lease until the 1st of April, 1898, and made no claim to the wheat at that time, she would be estopped from setting up a claim to the one half of the wheat which by the terms of this lease belonged to Mr. Adams.

But for this peculiar covenant in the lease the landlord would perhaps retain the right to the way-going crop. It was not her duty to speak unless she had knowledge of this clause in the lease.] [1] . . . .

[Since the act of 1887, in which the action of trespass and trover are blended, . . . .

If Adams did nothing more than to harvest the crop to protect his own half and made no claim beyond that, you might find against Mr. Wetmore and in favor of Mr. Adams or you may find against both defendants,] [2] or in favor of both defendants as you find the facts to be under the instructions I have and will give.

Verdict and judgment for plaintiff for $50.70. Defendants appealed.

*Errors assigned* were (1, 2) to portions of the judge's charge, reciting same. (3–5) In answers to certain of defendants' points, reciting points and answers.

*J. Ross Thompson*, with him *J. W. Wetmore*, for appellants. —The tenant has the right to the undisputed possession of the premises as they were at the commencement of the tenancy, and in the case of the lease of the land, the crops pass to the lessee unless expressly reserved. Therefore there was error in instructing the jury that Mrs. Dutton was not bound to give notice of her claim unless she knew the peculiar provision that the lease was on shares.

If Adams had the right to cut the wheat there was no trespass by any person, for the claim of Branchard or his assignee would be by an action of assumpsit on the lease against Adams. Until a division of the crops is made the title to them is in the tenant: Burns v. Cooper, 31 Pa. 426.

Neither Branchard nor Mrs. Dutton could maintain an action of assumpsit against Wetmore.

The redress of Mrs. Dutton for the Adams half of the wheat was on Branchard, and if Adams had not delivered the other half to her, her remedy would have been assumpsit against Adams. Her notice to Adams did not state the time she alleged she bought it.

*Geo. E. Gibson*, with him *Clark Olds*, for appellee.—The appellants misconstrue the charge of the learned court below in their first assignment of error. The court simply followed the long established principle as laid down in Forsythe v. Price, 8 Watts, 282.

The principle of estoppel is laid down in Woods v. Wilson, 37 Pa. 379, where it is held that silence in ignorance of one's own right or of another's expenditures will not estop, but that mere silence with knowledge is evidence from which a jury may find an estoppel. This is followed in Logan v. Gardner, 136 Pa. 588, 600.

OPINION BY BEAVER, J., July 28, 1899:

This case was clearly one for the jury. The charge of the court submitting it was adequate, full and clear and, on the whole, favorable to the appellants. That the plaintiff purchased the crop of wheat upon the farm subsequently leased to Adams, one of the defendants, was not denied. The plaintiff thereby acquired the right to the possession of the field upon which the wheat was growing, at least so far as it was necessary to enable

her to harvest and remove her property. If that right was interfered with by the defendants, it was trespass and the action would lie.

The plaintiff was aware of the fact that the defendant, Adams, was leasing the farm from Branchard, from whom she had purchased the wheat in the ground. The mere fact of the lease being made did not convey any intimation of its contents. The paragraph relating to the half of the crop is peculiar. It is not usual for the landlord to convey to the tenant a portion of the crop already in the ground. The mere fact, therefore, of the plaintiff's knowledge of a lease being made and executed did not compel her to speak and give notice of her claim to the crop of wheat. Had she knowledge of the contents of the lease? This was a question of fact in dispute, upon which the jury was bound to pass. The court distinctly charged them that, if she had knowledge of the contents, she was estopped from claiming the wheat, because it was her duty at the time to speak; and, if, with knowledge of the fact that Adams was purchasing a part of the crop, she kept silence, her silence would bind her and she could not subsequently claim what Adams was otherwise entitled to receive under the lease.

The second assignment of error is not fair to the court below. The quotation from the charge of the court, set forth in it, stops in the midst of a sentence. The court did not charge, as set forth in the second assignment of error, "If Adams did nothing more than to harvest the crop to protect his own half and made no claim beyond that, you might find against Mr. Wetmore and in favor of Mr. Adams; or you may find against both defendants," but added in the same sentence, "or in favor of both defendants, as you find the facts to be, under the instructions I have and will give." This conveys an entirely different impression from what is apparently sought to be conveyed by the quotation as made by the appellant. As quoted, it would seem to convey an intimation that the jury could find only against one or both defendants. The remainder of the sentence, however, clearly states the alternative proposition. The specification is practically a violation of our Rule 16 and might be entirely ignored but, inasmuch as there is no semblance of error in the portion of the charge partially quoted, when considered in its entirety, we prefer to pass upon it.

There is no error in the answer of the court to the defendants' second point. The claim therein made is that "She (plaintiff) is estopped from subsequently asserting her ownership as against Adams." Adams claimed no more than one half of the crop under his lease from Branchard. We cannot see, therefore, how the court could have answered the point differently. The qualification did not limit the force of the affirmance.

The other assignments of error are to the refusal of the court to take the case from the jury as to either of the defendants. As to the defendant Wetmore, the court in its charge said: "As to Mr. Wetmore, was he concerned in this harvesting and sale of the wheat of Mr. Adams? If he simply counseled Mr. Adams, as attorney, he would not be liable and you should not find against him; but, if Mr. Wetmore claimed an interest in this wheat and, as an owner or part owner, advised Mr. Adams to go on and harvest and sell the wheat and subsequently Mr. Wetmore received a portion of the proceeds, he would be liable as a joint trespasser. How do you find this fact? Was he simply acting as attorney or was he concerned in it, because of his alleged interest in the wheat? That is a question for you to decide and as you decide that question your verdict will be as to Mr. Wetmore." Then follows the portion of the charge partially quoted and assigned for error in the second specification. In all this there was no semblance of error. The testimony as to Mr. Wetmore's acts and interest was such as to justify the jury in their finding. As to the other defendant, the jury could readily find from the evidence that he had cut the crop after notice of the plaintiff's claim and in defiance of her alleged rights. We can find no error in the submission of the case to the jury and the judgment is, therefore, affirmed.